U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAY - 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

| | |
|---|---|
| **ASHLEY N. AUGUSTINE, et al.** | **CIVIL ACTION NO. 06-1663** |
| -vs- | **JUDGE DRELL** |
| **THE AVOYELLES PARISH SCHOOL BOARD, et al.** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court is a motion for summary judgment (Doc. 12) filed by defendants Avoyelles Parish School Board and its members, sued in their official capacities only, Dr. Ronald Mayeux, Leonard Armand, Freeman Ford, Steve Lacombe, John Lemoine, Melanie Moreau, Lynn DeLoach, Dr. Jim Guillory, Carl Ducote and Eva Williams (collectively, "the defendants" or "the School Board").  For the reasons set forth below, the motion is granted as to all claims by plaintiffs Harold and Orline Augustine; all claims by the Avoyelles Coalition Taskforce and its president, Charles E. Guillory; all claims against the School Board members; and all federal claims by Ashley Augustine, the only remaining plaintiff.  By separate judgment, all of those parties and claims will be dismissed with prejudice.  Because we are dismissing all federal claims giving rise to original jurisdiction and decline to exercise supplemental jurisdiction over the remaining state law claims, the motion is denied as to those claims.  By separate judgment, all state law claims will be dismissed without prejudice.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials
> on file, and any affidavits show that there is no genuine issue as to any
> material fact and that the movant is entitled to judgment as a matter of
> law.

Id.  A genuine issue of material fact exists if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986).  If the movant produces evidence

tending to show there is no genuine issue of material fact, the nonmovant must then

direct the Court's attention to evidence in the record sufficient to establish the existence

of a genuine issue of material fact for trial.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir.

1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)).

In the analysis, all inferences are drawn in the light most favorable to the nonmovant.

Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989).  However, mere conclusory

allegations are not competent summary judgment evidence, and such allegations are

insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976

F.2d 969, 970 (5th Cir. 1992).  Finally, "a mere scintilla [of evidence] is not enough to

defeat a motion for summary judgment."  Davis v. Chevron U.S.A., Inc., 14 F.3d 1082,

1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## BACKGROUND AND FACTS

This is a suit by Ashley N. Augustine ("Augustine"), her parents, Harold and

Orline Augustine, the Avoyelles Coalition Taskforce ("ACT"), and the ACT's president,

Charles E. Guillory against the defendants for events occurring shortly after the end of Marksville High School's 2005-2006 school year, as set out below.  The plaintiffs filed this suit on September 26, 2006, asserting claims under the Fourteenth and Fifteenth Amendments to the United States Constitution, through 43 U.S.C. § 1983; a claim for violation of Augustine's privacy rights; and a claim under La. Civ. Code arts. 2315 et seq. The plaintiffs urge subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question jurisdiction), 1343(3) (relating to actions based on deprivation of civil rights), and 2201 (relating to actions for declaratory judgment).

On August 31, 2007, the defendants filed the motion for summary judgment (Doc. 12) now before us, seeking dismissal of the entire suit.  In support of its motion, the defendants attached a statement of uncontested material facts pursuant to LR56.1.  The plaintiffs attached to their memorandum in opposition their own statement of uncontested material facts, allegedly pursuant to LR56.1 (Doc. 16-3, p. 1). However, non-moving parties are subject not to LR56.1, but rather LR56.2, which provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Id. The plaintiffs did not comply with this rule.  They did not point to specific facts that are still in dispute.  Instead, the plaintiffs' list—a near-duplicate of the defendants' list—contains only allegedly undisputed facts.  Accordingly, the defendants' statement of uncontested material facts, which is clearly based on the record before us, is deemed admitted.  Thus, for purposes of deciding this motion, the facts before us are as follows:

3

1. Ashley Augustine[] was a senior at Marksville High School during the 2005/2006 school year.

2. At the end of the 2005/2006 school year, Charles B. Jones (BM), principal of Marksville High School, approached Susan Welch (WF), Supervisor of Secondary Education, about a grading problem involving of one of his students; namely, Ashley Augustine (BF).

3. Ashley had participated during the school year in a business class known as the "Administrative Support Occupation" class, which required the students, including Ashley, to work in the school's office each day and grades were to be assigned for the students' participation.

4. Mr. Jones failed to place her name on the roll of the business teacher, so she did not receive credit for the ASO class for the 2005/2006 school year and he wanted to now correct this error and assign Ashley a grade for her participation.

5. Ms. Welch sought input from the School Board's general counsel with regard to the propriety of assigning a grade for class participation at this point in the school year and was informed that, because Ashley had actually participated in the class during the school year, she could now receive a grade for that participation.

6. Mr. Jones assigned Ashley a grade of "A", which provided her with four (4) additional quality points.

7. Beginning with the 1995/1996 freshman class, the School Board instituted a new policy on determining class rank which stated that the senior with the highest quality point total achieved within a maximum of 28 credits placed on the high school transcript would be named valedictorian while the student with the second highest total would be named salutatorian.

8. Before that time, class rank was determined by a student's final grade point average (GPA).

9. Ashley Augustine was named valedictorian of Marksville High School's 2006 graduating class because she had the highest quality point total.

10. Emily Couvillion (WF) was named salutatorian.

11. Emily had the highest GPA of the 2006 graduating seniors.

12. Class rank for the 2006 graduating class of Marksville High School was determined by the school's guidance counselor with review and approval by the principal.

13. Graduation ceremonies for Marksville High for the 2006 graduating class were held on May 24, 2006 where Ashley was introduced as the valedictorian and gave the valedictory address, while Emily Couvillion was introduced as the salutatorian.

14. Ashley received a $500.00 scholarship from the Tunica-Biloxi Tribe during the graduation ceremonies.

15. Ashley received a scholarship to Louisiana College, her college of choice.

16. On May 30, 2006, Dr. Ronald Mayeux, then Superintendent of the Avoyelles Parish School System, received a letter from George Couvillion, Emily's father.

17. Mr. Couvillion appeared before the School Board at its meeting held on June 6, 2006.

18. The School Board voted to have Dr. Mayeux look into the matter and come back with a suggested resolution to the problem.

19. Dr. Mayeux then met with Mr. Jones and Ms. Welch and was informed of the situation whereby Mr. Jones had failed to place Ashley's name on the business teacher's roll so that she did not receive a grade for her participation in the ASO class during the school year.

20. Dr. Mayeux also contacted the School Board's general counsel with regard to the School Board's ability to make an exception to a policy and was informed that, in discretionary matters, the School Board could change, override or make an exception to a policy.

21. At the School Board meeting held on June 13, 2006, Dr. Mayeux presented the Board with his "one time" recommended resolution to this situation; namely, that the Board adopt a resolution acknowledging Ashley Augustine as the valedictorian of Marksville High School for the 2005/2006 school year, but, since Emily Couvillion had the highest GPA, also acknowledging Emily as the co-valedictorian of Marksville High School for the 2005/2006 school year.

22. This recommendation was made in order that Emily could receive the valedictorian scholarship to Tulane University.

23. By majority vote, the School Board voted to accept his recommendation for a resolution of this issue.

24. On June 20, 2006, Dr. Mayeux corresponded with the Augustines and with the Couvillions informing them of the School Board's action and enclosing a copy of the resolution adopted by the School Board on June 13, 2006.

25. This matter then again came before the School Board at its July 11, 2006 meeting where, after Rev. Charles Guillory, President of the Avoyelles Coalition Taskforce, addressed the Board and requested that the resolution adopted by the Board on June 13, 2006 be rescinded, a motion to that effect was made, but the motion failed leaving the June 13 resolution standing.

26. The Avoyelles Coalition Taskforce ("ACT") is an unincorporated association of black ministers.

(Doc. 12-8, pp. 1-5) (citations to record omitted).


## ANALYSIS

The defendants first assert the following: (a) Augustine's parents, Harold and Orline Augustine, fail to state a claim against the defendants because of Augustine was a major throughout the relevant period; (b) ACT and its leader, Charles E. Guillory, lack standing to sue; and (c) the individual school board members should be dismissed from the suit, because they are being sued in their official capacities only, which is the same as suing the School Board itself, and the School Board is already a party.  The plaintiffs concede all three arguments. (Doc. 16, memorandum in opposition, p. 5).  Consequently, the defendants' motion is granted as to those assertions.  By separate judgment, the Avoyelles Coalition Taskforce; its leader, Charles E. Guillory; and Harold and Orline

Augustine will be dismissed from this suit as plaintiffs, and all claims against the school board members will be dismissed with prejudice.  We address the remaining claims by Ashley Augustine against the Avoyelles Parish School Board below.

### FOURTEENTH AMENDMENT CLAIM

Augustine asserts claims under the Fourteenth Amendment, through 42 U.S.C. § 1983, against the School Board based on the assertion that the School Board, admittedly a State actor, discriminated against her on the basis of race.  The Fourteenth Amendment is the proper source for such a claim, since "[t]he central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."  Washington v. Davis, 426 U.S. 229, 239 (1976).  To prevail on such a claim, Augustine must first prove a prima facie case of discriminatory purpose. Id. at 241.  If she is able to do so, "'the burden of proof shifts to the State to rebut the presumption of unconstitutional action by showing that permissible racially neutral . . . criteria and procedures have produced the . . . result.'" Id. (quoting Alexander v. Louisiana, 405 U.S. 625, 632 (1972)).

In this case, Augustine has failed to make out even a prima facie case of race discrimination.  Augustine has failed to point to any evidence of race discrimination in the record, other than the fact that Couvillion, the student awarded co-valedictorian status, is of a different race than Augustine.  Rather than pointing to specific facts, Augustine attempts to rely on her bare allegations that the School Board's decision to make an exception to a long-standing class ranking policy was for a discriminatory

7

purpose.  This she cannot do.  Without any record evidence of race discrimination, we must rule that Augustine has failed to make out a prima facie case.

We further note that Augustine's complaint itself refutes her assertion that the School Board's decision was based on race discrimination.  The complaint asserts that the School Board decided to award Couvillion co-valedictorian status for reasons related to a scholarship: "for the sole purpose of awarding the white female a scholarship to Tulane University in New Orleans, Louisiana" (Doc. 1, p. 2, par. 3); "in order for the while female student to obtain a scholarship to Tulane University" (Doc. 1, p. 3, par. 9); and "to facilitate a Tulane scholarship for the white female student at the request of her parent" (Doc. 1, p. 4, par. 14).

While it is true that Couvillion is a white female and Augustine is a black female, we have already noted that Augustine can point to no evidence that the decision was based on race.  The evidence shows only that the School Board bent a long-standing rule in order to allow another accomplished student to obtain a scholarship to the college of her choice.  In so doing, the School Board did not strip Augustine of her status as valedictorian and did not in any way affect her scholarship to Louisiana College, her college of choice.  Augustine's complaint is not that she was denied anything (other than her status as sole valedictorian) but that another student got the same benefit as her.  While there may or may not be a state law cause of action for the School Board's actions in this case (we make no determination on that subject), there certainly is not one under the Fourteenth Amendment, through 42 U.S.C. § 1983, given the absence of evidence

regarding race discrimination.  The School Board's motion is granted on this Fourteenth Amendment claim.  By separate judgment, it will be dismissed with prejudice.

FIFTEENTH AMENDMENT CLAIM

The Fifteenth Amendment to the United States Constitution reads in full:

Section. 1. The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude.

Section. 2. The Congress shall have power to enforce this article by appropriate legislation.

Id.  This suit obviously does not implicate the that amendment in any way.  The School Board's motion for summary judgment will be granted as to Augustine's Fifteenth Amendment claim, and by separate judgment, it will be dismissed.

PRIVACY RIGHTS CLAIM

The complaint alleges that "[c]ertain private information related specifically to ASHLEY AUGUSTINE's class ranking data was divulged to the complaining white school board employee without ASHLEY AUGUSTINE's consent or the knowledge of her parents in violation of privacy rights and board policy." (Doc. 1, p. 3, par. 11).  Augustine does not refer to this allegation again in the complaint and does not explain the legal source of her claim.  In federal law, the only statute that we can find that addresses privacy rights relating to education records is the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, but there is neither a private right of action directly under the statute itself, Gonzaga University v. Doe, 536 U.S. 273, 282 (2002), or indirectly

9

through 42 U.S.C. § 1983, <u>Id.</u> at 290.  We can find no other statute or cause of action under federal law that would create a private cause or right of action.  Accordingly, to the extent Augustine asserts a federal claim for violation of her privacy rights, the defendants' motion must be granted.  However, we do not address the issue of whether Augustine may maintain a state law claim for violation of any privacy rights, so the motion is denied as to those claims.

<u>STATE LAW CLAIMS</u>

In light of the above, we grant the defendants' motion for summary judgment as to <u>all</u> of the plaintiffs' federal claims that might support subject matter jurisdiction under the statutes asserted by the plaintiffs in the complaint: 28 U.S.C. §§ 1331 (general federal question jurisdiction), 1343(3) (relating to actions based on deprivation of civil rights), and 2201 (relating to actions for declaratory judgment).  The only remaining potential claims are a state law claim under La. Civ. Code art. 2315 <u>et seq.</u>, and one relating to the alleged violation of Augustine's privacy rights.  Because both Augustine and the School Board are Louisiana citizens, diversity jurisdiction under 28 U.S.C. § 1332 is not available for the state law claims.  Thus, the only basis for hearing them is supplemental jurisdiction under 28 U.S.C. § 1367(a).  However, § 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> * * *
>
> (3) the district court has dismissed all claims over which it has original jurisdiction . . . .

**10**

28 U.S.C. § 1367(c).

In this case, we have dismissed all claims over which we have original jurisdiction. Although we rule today that there is no evidence of racial motivation for the School Board's actions, we decline to guess whether or not Louisiana tort law allows a cause of action for the School Board's actions under these facts. Accordingly, we decline to exercise supplemental jurisdiction over the remaining state law claims. The motion is DENIED as to them, and by separate judgment, they will be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, the School Board's motion for summary judgment (Doc. 12) is GRANTED IN PART as to the following claims:

(a) all claims by Harold and Orline Augustine;

(b) all claims by the Avoyelles Coalition Taskforce and its president, Charles E. Guillory;

(c) all claims against defendants Dr. Ronald Mayeux, Leonard Armand, Freeman Ford, Steve Lacombe, John Lemoine, Melanie Moreau, Lynn DeLoach, Dr. Jim Guillory, Carl Ducote and Eva Williams in their official capacities; and

(d) all federal law claims by Ashley Augustine against the Avoyelles Parish School Board, including those for violation of the Fourteenth and Fifteenth Amendments and for violation of her privacy rights.

In all other respects, the motion is DENIED. By separate judgment, all of the claims and parties listed above will be DISMISSED WITH PREJUDICE. In addition, because we are dismissing all claims giving rise to this Court's original jurisdiction, we

decline to exercise supplemental jurisdiction over the remaining state law claims.  By separate judgment, those state law claims will be DISMISSED WITHOUT PREJUDICE. Finally, because no claim will remain in this Court after the date of this ruling, the two-day bench trial currently scheduled to begin on July 21, 2008, will be CANCELED by separate judgment.

SIGNED on this 2ND day of May, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

12